MENAKER & HERRMANN

A LIMITED LIABILITY PARTNERSHIP
10 EAST 40ᵀᴴ STREET

NEW YORK, NEW YORK 10016-0301

RICHARD G. MENAKER
EXTENSION: 223
rmenaker@mhjur.com

TELEPHONE
(212) 545-1900
FACSIMILE
(212) 545-1656
WEBSITE
WWW.MHJUR.COM

February 12, 2018

**By ECF and Overnight Mail**

Hon. William H. Pauley, III, U.S.D.J.
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1920
New York, NY 10007

<div style="margin-left:2em">

Re:    Cohen v. Casper Sleep Inc. and NaviStone, Inc.
Case No. 1:17-cv-09325 (WHP)

Cohen v. Charles Tyrwhitt, Inc. and NaviStone, Inc.
Case No. 1:17-cv-09389 (WHP)

Cohen v. New Moosejaw, LLC and NaviStone, Inc.
Case No. 1:17-cv-09391 (WHP)

</div>

Dear Judge Pauley:

We represent NaviStone, a defendant in each of the captioned cases, and write to request a pre-motion conference under Rule III.A of Your Honor's Individual Practices for a stay of discovery during the pendency of motions to dismiss. Counsel for the other defendants in the three cases join in this request. I also write to advise the Court of pending proceedings in a fourth, essentially identical, case brought by the same law firm against NaviStone and another of its clients in the District of New Jersey.

This Court has scheduled a pre-motion conference for February 23, 2018, on defendants' proposed motions to dismiss the complaints in the three cases pending before Your Honor. We would like to add a stay of discovery to the agenda.

**The New Jersey Action.** The three *Cohen* actions in this Court name NaviStone and respectively three of NaviStone's retailer clients, Casper Sleep, Charles Tyrwhitt and New Moosejaw, as defendants. The same law firm, representing a plaintiff named Michael Allen, has filed an action in the United States District Court in New Jersey against NaviStone and another of its clients, Quicken Loans, Inc. (Case No. 2:17-cv-12352-ES-MAH). The allegations in the

Hon. William H. Pauley, III, U.S.D.J.
February 12, 2018
Page 2

New Jersey Court are similar to those asserted in the three complaints in this Court, asserting violations exclusively under the federal Wiretap Act.

The New Jersey action has been assigned to District Judge Esther Salas. On February 2, 2018, NaviStone moved in the New Jersey District Court to dismiss the complaint. The motion stresses that the plaintiff's factual allegations, even if assumed to be true, show no violation of the Wiretap Act. Plaintiff's counsel filed an amended complaint on February 9, 2018. NaviStone will file a superseding motion to dismiss that pleading within 14 days.

**Request to Stay Discovery Here.**  In the three actions in this Court, the parties held Rule 26(f) conferences on February 2 for case management purposes and will be submitting a joint report prior to the Court conference on February 23, which will also be addressing case management. During the February 2 conferences, defendants requested consent from plaintiff's counsel to a suspension of discovery (other than initial disclosures) until motions to dismiss have been decided. Counsel would not consent to such a suspension and shortly thereafter served document requests and interrogatories in all three cases. Accordingly, all defendants request that a stay of discovery be considered at the February 23 conference with Your Honor.

NaviStone and its co-defendants believe that a stay of discovery is logical and appropriate here (and in New Jersey, which we will also request) for two main reasons.

First, we believe that the Complaints are flawed and have pleaded the plaintiff out of a cause of action.  For example, the federal Wiretap Act, 18 U.S.C. § 2510, *et seq.*, explicitly bars a civil claim for wiretapping against a person who is either a party to the communication at issue or who has the consent of the intended recipient to receive the communication. The Complaints, on their face, allege that the defendants fall into one or both of these categories. A determination of whether legally cognizable claims have been asserted is a reasonable condition precedent to discovery.

Second, in addition to the potential for dismissal, allowing discovery proceedings while the Court considers defendants' motions to dismiss would be both premature and burdensome, especially for NaviStone, which is a defendant in four pending cases, each involving separate co-defendants who are or were clients of NaviStone.  The interrogatories and document requests are extraordinarily broad, and responding would be costly and time consuming.

Thank you for considering this request. We look forward to meeting with the Court on February 23.

Respectfully yours,

Richard G. Menaker

Cc: All Counsel of Record (Via ECF)