## MENAKER & HERRMANN
A LIMITED LIABILITY PARTNERSHIP
10 EAST 40TH STREET

NEW YORK, NEW YORK 10016-0301

RICHARD G. MENAKER
EXTENSION: 223
rmenaker@mhjur.com

TELEPHONE
(212) 545-1900

FACSIMILE
(212) 545-1656

WEBSITE
WWW.MHJUR.COM

February 21, 2018

**By ECF and Overnight Mail**

Hon. William H. Pauley, III, U.S.D.J.
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1920
New York, NY 10007

> Re: Cohen v. Casper Sleep Inc. and NaviStone, Inc.
> Case No. 1:17-cv-09325 (WHP)
>
> Cohen v. Charles Tyrwhitt, Inc. and NaviStone, Inc.
> Case No. 1:17-cv-09389 (WHP)
>
> Cohen v. New Moosejaw, LLC and NaviStone, Inc.
> Case No. 1:17-cv-09391 (WHP)

Dear Judge Pauley:

      We represent NaviStone, Inc. ("NaviStone"), defendant in each of the above-captioned cases. On January 4, 2018, I submitted a letter to the Court in accordance with Rule III.A.ii of Your Honor's Individual Practices to request a pre-motion conference regarding NaviStone's intention to file a motion to dismiss each Complaint. The Court has scheduled the requested conference for February 23, 2018. I write now to advise Your Honor of the filing of Amended Complaints in all three cases and to ask that the scheduled conference include on its agenda our request for permission to move for dismissal of the new pleadings.

      The Amended Complaint in *Casper* was filed on February 7, 2018 [Docket Entry No. 28]. A subsequent entry filed by the Clerk of the Court states that the Amended Complaint has been rejected as untimely filed [Docket Entry No. 29]. Plaintiff's counsel has advised us, however, that he has received assurance in an *ex parte* communication with the Clerk that the rejection was an error, that the Amended Complaint in *Casper* is valid, and that defendants must answer by February 21, 2018.

Hon. William H. Pauley, III, U.S.D.J.
February 21, 2018
Page 2

On February 20, 2018, plaintiff filed Amended Complaints in *Charles Tyrwhitt* and *New Moosejaw*. If validly filed, responses to these amended pleadings would be due on March 6, 2018. NaviStone respectfully seeks permission to move to dismiss all three Amended Complaints. The changes in the pleadings, including the addition of two new Counts in each, do not help plaintiff. The conduct he complains of, assumed to be true for purposes of NaviStone's proposed motion, is lawful commercial activity.

As noted in my January 4 letter, each action joins NaviStone and an on-line retail seller of consumer goods that engaged, or considered engaging, NaviStone to provide direct mail marketing services. The Amended Complaints allege that the respective retailers contracted with NaviStone "to insert a small parcel of computer code into their websites" that enables the retailers to build lists of "consumers' names and mailing addresses" for use in direct marketing to those consumers. Plaintiff previously charged that this activity violates the federal Wiretap Act, 18 U.S.C. § 2510, *et seq.* (Am. Compl. ¶¶ 14, 21-24). He now adds in his Amended Complaints that use of the code violates the Stored Communications Act ("SCA"), 18 U.S.C. § 2701, *et seq.*, and New York General Business Law ("GBL") § 350 (¶¶ 83-85).[1]

Counsel for plaintiff have filed another action, essentially identical to the three cases on file before Your Honor, on behalf of another plaintiff against NaviStone and Quicken Loans, Inc. (a NaviStone client) in the United States District Court for the District of New Jersey and earlier this month made similar amendments to their original Complaint. *Allen v. Quicken Loans, Inc., et al.*, Case No. 17-cv-12352 (ES)(MAH). NaviStone had earlier moved to dismiss the Complaint in that action and will file a motion to dismiss the Amended Complaint shortly.

NaviStone requests permission here to file a prompt motion under Fed. R. Civ. P. 12(b)(6) to dismiss each of the Amended Complaints. Even if everything plaintiffs have said about NaviStone were somehow accurate (which is not the case), defendants will show that there would still be no basis to find NaviStone or its retail partners in violation of the Wiretap Act, the SCA, or GBL § 350.

The Wiretap Act provides a private right of action against "any person who— (a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept wire, oral, or electronic communication [except as provided in the statute]." 18 U.S.C. § 2511. There is an explicit statutory exception to the prohibition where the person intercepting the communication "is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or any State." 18 U.S.C. § 2511(2)(d).

---

[1] Plaintiff's allegations, according to the Complaint itself, are largely derived from two articles that appeared in an on-line publication called *Gizmodo* (Compl. ¶¶ 18-20). Plaintiff does not allege that he has independently verified the information in the articles and, in fact, they contain numerous inaccuracies.

The SCA, in pertinent part, prohibits an individual from intentionally accessing "a facility that provides electronic communication service without authorization," and thereby obtaining access to "an electronic communication" in electronic storage in that facility. 18 U.S.C. § 2701. It is well-established that a website visitor's computer or other device is not a "facility that provides electronic communication services." *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 276-77 (3d Cir. 2016).

New York's GBL § 350 prohibits "false advertising." A private cause of action exists where the defendant has engaged in consumer-oriented conduct that is materially misleading, the plaintiff suffered injury from the allegedly deceptive act or practice, and there was direct harm to the public interest. *In re Cablevision Consumer Litig.*, 864 F.Supp. 2d 258, 267 (E.D.N.Y. 2012).

NaviStone's proposed motion to dismiss will show that the facts as alleged in each of the Amended Complaints cannot support actionable claims under any of the foregoing statutes. The first four Counts under the Wiretap Act in all three new pleadings fail because each of the defendants is a "party to the communication," because no "interception" has occurred as required under the statute, and because in each instance one of the parties has provided "consent" to the other party to receive the communication. *In re DoubleClick Inc. Privacy Litig.*, 154 F.Supp. 2d 497, 507 (S.D.N.Y. 2001). The fifth Count under the Wiretap Act fails because no private cause of action exists for manufacture, distribution, etc. of a "device" under § 2512 of the statute. *See, e.g., DIRECTV Inc. v. Cignarella*, No. CIV.A 03-2384 (JAG), 2005 WL 1252261, at *3 (D.N.J. May 24, 2005).

NaviStone's proposed motion will further show, as to the SCA Count, that the Amended Complaints cannot under any conceivable characterization of the facts establish that the plaintiff's computer constitutes a "facility," that the alleged "scan" of that computer could constitute gaining access to a "communication," or that the NaviStone code is somehow "in storage," all as required under § 2701 of the SCA. *See, e.g., Garcia v. City of Laredo, Tex.*, 702 F.3d 788, 792 (5th Cir. 2012)

Finally, the proposed motion will seek dismissal of the New York GBL § 350 Count on the grounds that there is no allegation of false advertising, that no basis for a private right of action has been alleged, that the "scan" charge cannot satisfy the *Twombly/Iqbal* pleading standard, and that supplemental jurisdiction should not be retained under 28 U.S.C. § 1367(c).

Thank you for your courtesy in considering this request. We look forward to meeting with the Court on February 23.

Respectfully yours,

Richard G. Menaker

cc: Counsel of Record